THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VERNON WAYNE OFFICER,<br><br>Defendant. | CASE NO. CR15-0078-JCC<br><br>FINDINGS OF FACT STATING REASONS FOR GRANT OF TRIAL CONTINUANCE |

Having reviewed the defense motion for a continuance of the trial, the Court makes the following findings of fact:

1. On March 18, 2015, a grand jury returned an indictment charging Officer with ten counts of wire fraud and one count of tax fraud.

2. On May 13, 2015, Officer made his first appearance in this District. After a contested detention hearing, he was ordered detained pending trial.

3. Trial was originally scheduled for July 6, 2015. The Court later reset the trial date within the Speedy Trial time limits to July 27, 2015.

4. The discovery in this matter consists of approximately 36,000 pages of reports, documents, and various other items. There also are several hours of audio recordings. This material will take a substantial amount of time to review.

5. The defense believes it possibly will need to retain up to three experts to defend the case. The potential retention and collaboration with these experts also will take a substantial amount of time to complete.

6. Material witnesses are located throughout the United States, including in Virginia, Utah, Florida, and North Dakota.

7. Jesse Cantor was the Assistant Federal Public Defender originally assigned to represent Officer. Mr. Cantor has trial beginning July 20, 2015 that is expected to last one week, and thereafter is scheduled to be on paternity leave for three to four weeks at the end of August 2015.

8. Defense counsel has represented that Officer does not object to an October trial date, but does to any later date.

9. AUSA Woods is the lead attorney for this case for the United States, and was involved in the underlying investigation. AUSA Woods is scheduled to be on extended leave at the end of September because of his wedding.

10. In light of the foregoing, it would be unreasonable for the defense by the current trial date to review all of the discovery, contact witnesses, and otherwise prepare a defense. Defense counsel cannot provide effective assistance of counsel to Officer within the current trial schedule. Moreover, the United States would lose continuity of counsel if the trial were set in October, given AUSA Woods's pre-existing scheduled leave.

11. In light of all of these circumstances, the Court finds that a failure to grant a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv). The Court also finds that the failure to grant a continuance of the trial date would result in a miscarriage of justice, 18 U.S.C. § 3161(h)(7)(B)(i). The Court finds that the case is sufficiently complex, due to the nature of the prosecution, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. Finally, the Court finds that the ends of justice will be served by ordering a continuance in this case, that a continuance is necessary to ensure adequate time for effective case preparation, and that these factors outweigh the best interests of the public and the Defendant in a speedy trial.

DATED this 7th day of July 2015.

John C. Coughenour
UNITED STATES DISTRICT JUDGE